IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JANE DOE,**                                              CASE NO. 3:25 CV 2401

    Plaintiff,

    v.                                                   JUDGE JAMES R. KNEPP II

**CITY OF TOLEDO, et al.,**

    Defendants.                            **ORDER**

Plaintiff, under the pseudonym Jane Doe, filed the present case alleging civil rights claims under 42 U.S.C. § 1983. (Doc. 1). Currently pending before the Court are Plaintiff's Motions: (1) to Proceed Under Initials or Pseudonym and Motion for Protective Order to Maintain Confidentiality (Doc. 3); (2) to Have all Correspondence Forwarded through the Clerk (Doc. 4); (3) to Redact Sensitive Personal Information (Doc. 5); and (4) for Permission to File Electronically and Receive all Notices via Email (Doc. 6).

Plaintiff sues the City of Toledo, the Toledo Police Department, and Toledo Police Officers Barwiler and Braun. (Doc. 1). She asserts Defendants violated her Fourth Amendment rights when Officer Barwiler demanded her driver's license while she was parked in a parking lot. *Id.* at 3, 9. She further asserts body camera footage of the incident was improperly handled, Defendants' records contain false statements and misrepresentations, and that she has been harassed and threatened by third parties. *Id.* at 9-11.

<u>Motion to Proceed Under Initials or Pseudonym / Motion to Forward Correspondence</u>

As a rule, actions must be prosecuted in the name of the real party in interest, Fed. R. Civ. P. 17(a)(1), and a complaint must state the names of the parties, Fed. R. Civ. P. 10(a). "Plaintiffs

are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (referring to Rule 10(a)). Whether to allow a party to proceed under a pseudonym is committed to the sound discretion of the Court but should be permitted only if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

This determination is informed by several, non-exclusive considerations, including: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). In arriving at its conclusion, the Court must "start from the premise that proceeding pseudonymously is the exception, rather than the rule." *Doe v. Franklin County*, 2013 WL 5311466, at *2 (S.D. Ohio) (citation omitted). "Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v. FedEx Ground Package Sys., Inc.*, 2021 WL 5041286, at *5 (M.D. Tenn.) (citations omitted).

Considering the relevant factors here, the Court finds Plaintiff has not established her privacy interests substantially outweigh the strong presumption in favor of open judicial proceedings. Plaintiff is not a minor, the claims in this case do not involve disclosure of intimate information, and the governmental activity challenged is activity in which Plaintiff's identity is already known. Plaintiff's Motion to Proceed Under Initials or Pseudonym and Motion for

Protective Order to Maintain Confidentiality (Doc. 3) and Motion to Have All Correspondence Forwarded Through the Clerk (Doc. 4) are DENIED.

Motion to Redact

Plaintiff also filed a Motion to Redact Sensitive Personal Information. (Doc. 5). Therein, she requests the Court redact from exhibits she filed with her Complaint her name, date of birth, home address, driver's license number, license plate number, and "[a]ny other sensitive personal data that could reveal [her] identity." *Id.* The Court's Local Civil Rule 8.1 requires the filer of a document to redact: (1) Social Security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers. L.R. 8.1. However, "[t]he responsibility for redacting these personal identifiers rests solely with counsel and the parties." *Id.* As set forth above, the Court denies Plaintiff's request to proceed pseudonymously, and as such, her name is not something that may be redacted. Address and license plate number are not sensitive personal information requiring redaction. Moreover, the Court has reviewed Plaintiff's filing and her date of birth and driver's license number do not appear in the exhibits. Plaintiff's Motion is therefore DENIED.

Motion for Permission to File Electronically

Finally, Plaintiff filed a Motion for permission to file, and receive case notifications, electronically. (Doc. 6). Plaintiff's Motion to file electronically is DENIED. Plaintiff may, however, apply for a "Read Only" account in the Northern District of Ohio electronic filing system. The Clerk is directed to include a copy of the Pro Se Litigant Registration for Electronic Notification (Read Only) form with the copy of this Order mailed to Plaintiff.

Conclusion

In light of the Court's above determination that Plaintiff may not proceed by way of a pseudonym, should Plaintiff wish to proceed with this lawsuit, Plaintiff hereby ORDERED to file

an Amended Complaint in her own name on or before **November 26, 2025**. Plaintiff must also provide new summonses with her Amended Complaint. Plaintiff is expressly warned that her failure to do so will result in dismissal of this case, without prejudice, without further notice.

    IT IS SO ORDERED.

                                                           s/ *James R. Knepp II*
                                                           UNITED STATES DISTRICT JUDGE

                                                           Dated: November 14, 2025